**STRATTON OAKMONT, INC. and Jeffrey Honigman, Plaintiffs,**

v.

**Phillip R. NICHOLSON, Defendant.**

**No. CV 94–1568.**

United States District Court, E.D. New York.

Nov. 11, 1994.

---

Tenzer, Greenblatt, Fallon & Kaplan (Martin P. Ungar, of counsel) and Capuder & Arnoff, P.C., (Norman B. Arnoff, of counsel), New York City, for plaintiffs.

Phillip R. Nicholson, pro se.

## MEMORANDUM AND ORDER

SPATT, District Judge:

The plaintiffs, Stratton Oakmont, Inc. ("Stratton") and Jeffrey Honigman ("Honigman"), move pursuant to Section 10(a)(4) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4), to vacate an arbitration award issued on March 15, 1994 in the arbitration entitled: "In the Matter of the Arbitration Between Phillip R. Nicholson, Claimant and Stratton Oakmont, Inc. and Jeffrey Honigman, Respondents", NASD Arbitration No. 92–01316. The ground for the plaintiffs' motion is that the arbitrators exceeded their powers and acted in manifest disregard of New York law in awarding punitive damages against Stratton and Honigman.

### BACKGROUND

The plaintiff Stratton is a securities broker-dealer, located in New York. The plaintiff Honigman is a registered securities representative who works for Stratton. The defendant Phillip R. Nicholson ("Nicholson") is an attorney who resides and works in Los Angeles, California.

According to the plaintiffs, in January 1991 Honigman called Nicholson to ask whether he was interested in purchasing stocks through Stratton. After several such solicitations, Nicholson agreed and eventually invested $193,500 in securities with Stratton. The customer agreement necessary for Nicholson to maintain his account with Stratton, entered into by Nicholson and Bear, Stearns & Co., Inc., Stratton's clearing agent, provided in relevant part as follows:

*NEW YORK LAW TO GOVERN.* THIS AGREEMENT ... SHALL BE CONSTRUED, AND THE RIGHTS AND LIABILITIES OF THE PARTIES DETERMINED, IN ACCORDANCE WITH THE LAW OF THE STATE OF NEW YORK.

．　　．　　．　　．　　．

YOU AGREE, AND BY MAINTAINING AN ACCOUNT FOR YOU BEAR STEARNS AGREES, THAT CONTROVERSIES ARISING BETWEEN YOU AND BEAR STEARNS CONCERNING YOUR ACCOUNTS OR THIS OR ANY OTHER AGREEMENT BETWEEN YOU AND BEAR STEARNS, WHETHER ENTERED INTO PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE HELD UNDER THE RULES AND AUSPICES OF THE NEW YORK STOCK EXCHANGE, INC., THE AMERICAN STOCK EXCHANGE, INC., OR THE NATIONAL ASSOCIATION OF SECURITY DEALERS, INC.

Nicholson alleges that at the time Honigman made the solicitations, he was recovering from heart surgery and that through manipulative and deceptive tactics Honigman induced him to invest in high-risk securities. Moreover, Nicholson alleges that Honigman effected a number of trades for Nicholson's account without his permission. As a result of Honigman's conduct, Nicholson contends he lost approximately $95,000.

In April 1992, Nicholson commenced an arbitration before the National Association of Security Dealers ("NASD"). Nicholson's Statement of Claim sought compensatory, punitive and treble damages for, among other things, fraud, deceit, breach of fiduciary duty, breach of contract, violation of the NASD's rules, theft, conversion, engagement in a pattern of racketeering and an illegal enterprise, and breach of the covenant of good faith and fair dealing.

The arbitration was convened on February 2, 1994 before a panel of three arbitrators appointed by the NASD, and lasted for two full hearing days comprising four sessions. At the conclusion of the hearing, the arbitrators rendered a unanimous decision in favor of Nicholson, and issued their award on March 15, 1994. The arbitration panel awarded $66,000 plus interest in compensatory damages to Nicholson, to be paid jointly and severally by Stratton and Honigman. The panel also awarded a total of $50,000 in punitive damages to Nicholson, half to be paid by Stratton and half by Honigman.

Stratton and Honigman presently move to vacate the entire award on the ground that the arbitrators exceeded their powers by awarding punitive damages. Nicholson does not oppose the motion, and in fact has signed

a stipulation agreeing to vacate the entire arbitration award.

## DISCUSSION

Jurisdiction in this case is based on diversity of citizenship, and the transactions in question involve interstate commerce. Accordingly, the provisions of the FAA are applicable. *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 120 (2d Cir.1991).

Judicial review of an arbitration award is "extremely limited." *Wall Street Associates, L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir.1994) (quoting *Fahnestock & Co. v. Waltman*, 935 F.2d 512, 516 (2d Cir.), *cert. denied*, 502 U.S. 942, 112 S.Ct. 380, 116 L.Ed.2d 331 (1991)). In effect, a court may only vacate an arbitral award "if at least one of the grounds specified in 9 U.S.C. § 10 is found to exist." *Barbier*, 948 F.2d at 120; *see also Wall Street*, 27 F.3d at 849.

Section 10(a)(4) of the FAA provides in pertinent part that an arbitral award may be vacated "[w]here the arbitrators exceeded their powers." The plaintiffs contend that the parties in this case agreed to be bound by New York law, and that the arbitrators exceeded their powers by granting an award of punitive damages in contravention of New York state law which prohibits arbitrators from awarding punitive damages. *See Barbier*, 948 F.2d at 121–22 (holding that arbitrators exceeded their powers by granting punitive damages where agreement provided that New York law governed, so that arbitration award of punitive damages was vacated) (citing *Garrity v. Lyle Stuart, Inc.*, 40 N.Y.2d 354, 386 N.Y.S.2d 831, 353 N.E.2d 793 (1976) (an arbitrator has no authority to award punitive damages even where the parties agree on a punitive damages award, because private punishment is against public policy)).

The Court agrees with the plaintiffs on the issue of punitive damages. Indeed, *Barbier* dealt with exactly the same situation as the instant case, and is dispositive. In *Barbier* a customer agreement regarding securities investments—similar to the agreement signed by Nicholson in this case—included a choice of law provision whereby the parties agreed that New York law would govern any disputes between the customer and the broker-

age house. The district court in *Barbier* confirmed an arbitration award of compensatory and punitive damages against the brokers, concluding that while the parties intended to be bound by New York substantive law, they did not intend for their arbitration proceeding to be governed by New York "arbitration" law. In order to reach this conclusion, the *Barbier* district court characterized New York law prohibiting arbitrators from awarding punitive damages as "arbitration law." *See Barbier*, 948 F.2d at 120.

The Second Circuit disagreed with the district court's interpretation of the parties' intentions regarding the New York choice-of-law provision and with the district court's characterization of New York law. In reversing the district court, the Second Circuit held that New York law regarding arbitration awards would be applicable to the action since it would be in accordance with the parties' choice-of-law intentions. *Id.* at 122.

In particular, the Second Circuit in *Barbier* held that because under New York law an arbitrator could not award punitive damages, any such award under an agreement containing a New York choice-of-law provision would have to be vacated on the grounds that the arbitrator has exceeded her or his authority. *See id.* at 122 (citing cases); *accord Fahnestock*, 935 F.2d at 518 (holding that the punitive damages portion of an arbitrators' award must be vacated where federal court jurisdiction in New York was based on diversity and New York law prohibited a punitive damages award); *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 20 F.3d 713 (7th Cir. 1994) (same).

In the present case, a New York choice of law provision was included in the customer agreement. Accordingly, the arbitrators could not award punitive damages and in doing so, "it is manifest that the Panel exceeded its authority". *Barbier*, 948 F.2d at 122. Accordingly, the Court must vacate the punitive damages portion of the award. The remaining portion of the award granting compensatory damages must remain intact, as the Court has no grounds to vacate that portion of the award. *Barbier*, 948 F.2d at 123.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that the plaintiff's motion pursuant to 9 U.S.C. § 10(a)(4) to vacate the arbitration award entitled "In the Matter of the Arbitration Between Phillip R. Nicholson, Claimant and Stratton Oakmont, Inc. and Jeffrey Honigman, Respondents", NASD Arbitration No. 92–01316, is granted to the extent that the punitive damages portion of that award against the plaintiffs Stratton and Honigman is vacated, and is denied in all other aspects. The remaining portion of the arbitration award regarding compensatory damages and the parties bearing their respective costs, including attorney's fees, are affirmed and remain in effect.

The Clerk of the Court is advised that this action closes the case.

**SO ORDERED.**